UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FORM PORTFOLIOS LLC,

                          Plaintiff,

        -against-

FOOD52, INC.,

                          Defendant.

------------------------------------------------------------X

**MEMORADUM AND ORDER**
24 CV 7690 (NCM) (CLP)

On November 4, 2024, plaintiff Form Portfolios LLC ("Form Portfolios") brought this action against defendant Food52 Inc. ("Food52"). (ECF No. 1 ("Complaint" or "Compl.")). Plaintiff alleges that defendant violated the Lanham Act, 15 U.S.C. § 1114 *et seq.*, and breached two licensing agreements and a support and participation agreement relating to the Dansk brand and the licensing of designer products and trademarks. (See generally id.). Presently before the Court is plaintiff's motion for leave to file a motion to compel defendant to de-designate produced documents as "Highly Confidential – Attorneys Eyes Only." (ECF No. 29 ("Motion" or "Mot.")). As the parties have already provided support for their respective arguments, the Court treats the motion for leave as the motion to compel.

BACKGROUND

Plaintiff Form Portfolios, a company which "licenses trademarks and related intellectual property relating to mid-century and modern design products including home and office furniture, lighting, textiles, tableware, and accessories" (Compl. ¶ 7), brought this action on November 4, 2024, alleging claims for breach of contract and violations of the Lanham Act. Defendant Food52, "a food-content development company that curates and sells kitchenware and

houseware" (ECF No. 21-1 at 2), moved to dismiss the claims on April 3, 2025. (See id.). The parties have not moved to stay discovery pending the district court's decision on the motion to dismiss and, on June 23, 2025, the Court ordered the parties to submit a protective order and begin exchanging documents by June 30, 2025. (Minute Entry dated June 23, 2025).

On June 24, 2025, the parties moved the Court to so order a stipulated protective order. (ECF No. 24). The stipulated protective order created two designations for documents produced in this action: "confidential" and "highly confidential." (Id. at 1). Both designations under the protective order provide that documents "may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part" to counsel, experts and consultants hired to assist in this litigation, authors or recipients of any documents, the Court and its employees, and court reporters, as necessary. (Id. at 5–8). Although "confidential" documents may be disclosed to the parties, such disclosure is "limited to persons having a reason to receive such information in connection with the prosecution or defense of the action" and "shall not be disseminated by the Receiving Party to its employees for any other reason." (Id. at 5). Unlike documents designated solely as "confidential," documents designated as "highly confidential" are for "attorneys['] eyes only," and may not be disclosed in any way to parties or witnesses unless stipulated by the parties or authorized by the Court. (Id. at 6–8). The Court so ordered the stipulated protective order on July 2, 2025. (ECF No. 25).

On October 20, 2025, plaintiff filed a motion for leave to file a motion to compel defendant to de-designate certain documents that had been produced as "highly confidential." (Mot.) Plaintiff argued that defendant improperly designated approximately 2,950 pages – approximately half of its entire production – as highly confidential. (Mot. at 1). After the parties conferred on the issue, defendant agreed "to reclassify only a handful of documents as merely

2

'Confidential.'" (Id.) Plaintiff argues that the remaining over designation prevents it from reviewing essential evidence in this case and prevents counsel from fulfilling its ethical obligations to keep their client apprised of the status of this litigation. (Id. at 1–2).[1]

Defendant filed its opposition on October 29, 2025. (ECF No. 30 ("Opp.")). It states that the documents at-issue comprise "internal business strategy communications…competitive pricing information, revenue projections, strategies regarding potential design collaborations, information about royalty rates, and other highly sensitive business information." (Opp. at 2). Defendant argues that these documents must be designated as highly confidential because plaintiff is its competitor. (Id.) Specifically, defendant states that it "collaborates with designers, enters into agreements with them, creates products, and releases them to the public," while plaintiff, "an intellectual property licensing company," licenses designers. (Id.) According to defendant, plaintiff is therefore "actively engaged in the same commercial space and has interests that are adverse to Food52's." (Id.)

In its reply filed on October 29, 2025, plaintiff counters that the parties are not competitors because, unlike defendant, plaintiff does not engage in retail sales and the parties do not compete for customers, market share, or business opportunities. (ECF No. 31 ("Reply") at 1). Plaintiff also argues that defendant failed to show the specific injuries it would face if the documents were de-designated. (Id. at 1–2).

## DISCUSSION

Federal Rule of Civil Procedure 26(c) sets forth that a court may, for good cause, "issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or

---

[1] Plaintiff also raises the point that it intends to file the documents along with its eventual summary judgment motion, making the documents presumptively public. (Mot. at 3). This argument is premature—fact discovery has not yet closed in this case and there is a pending motion to dismiss. The Court therefore does not address the merits of the argument at this time.

3

expense" including by "requiring that a trade secret or commercial information not be revealed or be revealed only in a specified way."  The decision to issue a protective order, as well as the specific contours of such an order, are "'singularly within the discretion of the district court.'"  Pedinol Pharmacal, Inc. v. Rising Pharmas, Inc., No. 06 CV 2120, 2007 WL 9710392, at *1 (E.D.N.Y. Apr. 13, 2007) (quoting Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 145 (S.D.N.Y. 1997); Dove v. Atlantic Cap. Corp., 963 F.2d 15, 19 (2d Cir. 1992) (holding that "[t]he grant and nature of protection is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion." (quotation omitted)).

Where, as here, a confidentiality designation is challenged, "the party designating a document as confidential…carries a heightened burden to justify an [attorneys' eyes only] designation." ABH Nature's Prods., Inc. v. Supplement Mfg. Partner, Inc., No. 19 CV 5637, 2020 WL 13542014, at *1 (E.D.N.Y. July 20, 2020).  An attorneys' eyes only, or "AEO," designation "is a routine feature of civil litigation involving trade secrets" that "prevent[s] a *party* from viewing the sensitive information while nevertheless allowing the party's *lawyers* to litigate on the basis of that information." Cypress Creek Intermediaries, Inc. v. Westport Ins. Corp., No. 22 CV 3649, 2023 WL 8018176, at *3 (S.D.N.Y. Nov. 20, 2023) (emphasis included) (quoting In re City of N.Y., 607 F.3d 923, 935–36 (2d Cir. 2010)).  The AEO designation is intended to protect information's commercial value by preventing the dissemination of confidential information that could place a party at a competitive disadvantage.  Alcon Vision, LLC v. Lens.com, Inc., No. 18 CV 407, 2019 WL 8197769, at *2 (E.D.N.Y. Aug. 22, 2019), aff'd, 2020 WL 4810780 (E.D.N.Y. July 31, 2020).

In evaluating whether to de-designate as AEO documents which may contain trade secrets or proprietary information, a court must balance "the need of one litigant to access proprietary information in order to present his case" with "the potential that irreparable harm [that] may be suffered by the disclosing party." <u>Pedinol Pharmacal v. Rising Pharmas., Inc.</u>, 2007 WL 9710392, at *1. <u>See also</u> <u>American Standard Inc. v. Pfizer Inc.</u>, 828 F.2d 734, 741 (Fed. Cir. 1987) (holding: "Where a party seeking a protective order has shown that the information sought is confidential and that its disclosure might be harmful, the burden shifts to the party seeking discovery to establish that disclosure of trade secrets and confidential information is relevant and necessary to its case" (citations omitted)). The sensitivity of this analysis is heightened where parties are competitors. <u>Id.</u>

Here, plaintiff challenges defendant's AEO designations for 2,950 pages. (Mot. at 1). It claims that approximately half of defendant's production, covering "virtually all of the important documents produced," has been given this designation. (<u>Id.</u>) Plaintiff argues that the over-designation of "documents contain[ing] routine business communications, internal assessments of the [parties'] business relationship, and other materials that may be uncomfortable or embarrassing to Food52, but do not contain any trade secrets, proprietary formulas, or competitively sensitive information" causes substantial prejudice to plaintiff. (<u>Id.</u> at 2). Plaintiff avers that the parties are not competitors and the over-designation prevents counsel from discussing the case with their client and prevents plaintiff from viewing the essential evidence of the case. (<u>Id.</u>)

Defendant disagrees, arguing instead that the AEO documents contain trade secrets including "competitive pricing information, revenue projections, strategies regarding potential design collaborations, information about royalty rates, and other highly sensitive business

5

information, the disclosure of which would cause Food52 substantial competitive harm." (Opp. at 2). Defendant contends that plaintiff is a competitor because Food52 collaborates with designers to create products for public release and Form Portfolios, an intellectual property licensing company, provides licenses to designers. (Id.)

Defendant's statement that it competes with Form Portfolios is a stretch given defendant's own description of its business in the pending motion to dismiss. In that motion, defendant stated it is "a food-content development company that curates and sells kitchenware and houseware." (ECF No. 21-1 at 2). According to the Complaint, defendant's CEO, Erika Badan, "viewed Food52 as primarily a digital media company" and did not have a "vision to expand…into a homewares company." (Compl. ¶ 79). Plaintiff, on the other hand, "licenses trademarks and related intellectual property relating to mid-century and modern design products including home and office furniture, lighting, textiles, tableware and accessories." (Compl. ¶ 7). Defendant never claims to license trademarks or related intellectual property and, instead, relies solely on the fact that it "collaborates with designers, enters into agreements with them, creates products, and releases them to the public." (Opp. at 2). In fact, the very agreements over which this case is being litigated make it clear that plaintiff is a *licensor* while defendant is a *licensee* (see Compl. ¶¶ 55), and defendant has made no showing that its business is the licensing of trademarks. Moreover, plaintiff states that, unlike defendant, it does not engage in retail sales and the parties do not compete for customers, market share, or business opportunities. (Reply at 1). The fact that the two parties have each interacted with home goods designers does not, without more, make the two competitors. Thus, the Court need not apply any heightened sensitivity to its analysis.

The Court must next weigh defendant's potential injury with plaintiff's need for the information. Defendant has not met its burden. A party seeking to uphold an AEO designation "'must prove that the disclosure of the confidential information will result in a clearly defined and very serious injury to its business.'" GMA Accessories Inc. v. Unit 20 Ltd., No. 21 CV 11227, 2022 WL 2057681, at *2 (S.D.N.Y. June 8, 2022) (quoting Fossil Grp., Inc. v. Angel Seller LLC, No. 20 CV 2441, 2021 WL 8168871, at *3 (E.D.N.Y. Nov. 10, 2021) (internal quotation omitted)). That the information is commercially sensitive is not enough, id., nor are conclusory statements that the challenged documents contain trade secrets. ABH Nature's Prods., Inc. v. Supplement Mfg. Parter, Inc., 2020 WL 1352014, at *1. Here, defendant states that the AEO documents contain pricing and revenue information and would reveal strategic decisions regarding design collaborations and other highly sensitive business information. (Opp. at 2). Although documents such as these constitute potentially sensitive proprietary information, defendant does not adequately show how their de-designation and disclosure to plaintiff would cause injury to its business. There does not seem to be a dispute that these documents would still be designated confidential for use only in this lawsuit, thus avoiding any concern that other competitors of defendant would obtain this information. Nor does defendant make any argument of why the lesser designation of "confidential information" contained in the parties' stipulated protective order is insufficient. Indeed, the confidential designation protects documents from disclosure to anyone without a need-to-know basis in this litigation. (ECF No. 25 at 5–6).

Meanwhile, plaintiff has the burden of "establishing a sufficient need for the information which outweighs the risk of injury" that comes with disclosure. See Pedinol Pharmacal, Inc. v. Rising Pharmas, Inc., 2007 WL 9710392, at *2. Plaintiff argues that the AEO designation prevents counsel from communicating with plaintiff, prohibits plaintiff from reviewing essential

7

evidence in this case, and stands in the way of counsel's ethical duty to keep their client informed of this litigation. (Mot. at 1–2). Plaintiff states that the designations prevent plaintiff from even reviewing deposition transcripts. (Mot. at 1). Indeed, the salient difference between the protective order's "confidential" designation and the AEO designation is that no parties or witnesses may view AEO documents without a stipulation of all parties or court authorization. (ECF No. 25 at 5–8). Thus, by the terms of the protective order, counsel may not "disclose[], summarize[], describe[], characterize[], or otherwise communicate[]" any AEO-designated documents to their clients. (See id. at 6).

Accordingly, the Court finds that defendant, as the party designating these documents as AEO, has failed to carry its "heightened burden" to show the need for such designation across half of its production, while plaintiff has shown the need for these documents to simply prosecute this action. The Court is aware, however, that a blanket order requiring defendant to de-designate all documents may sweep in properly designated documents. Therefore, defendant is Ordered to review its production in light of the Court's ruling herein, remove the AEO from all documents that do not require the AEO designation, and re-designate only those documents which defendant believes falls within the parameters of this opinion, meriting AEO-designation.

## CONCLUSION

For the reasons stated above, the Court Orders defendant to review all of the documents it has previously produced under the designation Highly Confidential and re-designate only those documents that merit heightened protection as set forth in this opinion by **November 21, 2025**. If, after defendant reproduces these documents, plaintiff maintains its belief that there are still documents that remain improperly designated, plaintiff shall submit the relevant documents

8

for *in camera* review with the Court along with a supporting memorandum of law by **December 5, 2025**.  Defendant's opposition to said memorandum shall be due by **December 12, 2025**.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
November 7, 2025

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York