# Hinckley & Heisenberg LLP

445 Hamilton Ave., Suite 1102
White Plains, New York 10601

george@hinckley.org

Direct Tel.: (212) 759-4933

Via ECF

December 9, 2025

Hon. Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Form Portfolios LLC v. Food52, Inc., Case No. 1:24-cv-07690-NCM-CLP**

Dear Judge Pollak:

We represent Plaintiff Form Portfolios LLC and write pursuant to Local Civil Rule 37.3 requesting an order setting dates certain for the depositions of Jason Chatterjee (Food52's former CFO), Amanda Hesser (Food52's former Co-CEO), and Michael Kerns (Food52 Board member from The Chernin Group, ("TCG") which is Food52's owner). Despite three months of good faith efforts to schedule these depositions, defense counsel has repeatedly offered dates, then canceled them, and provided no alternatives. As set forth in the attached timeline, the parties have repeatedly met and conferred regarding the deposition schedule but Defendant does not consent: Defendant has now requested a stay of all discovery [ECF 35].

**Background**

We successfully completed depositions of Alex Bellos (October 1) and Erika Badan-Ayers (October 8). However, we have been unable to secure dates for three remaining depositions despite extensive efforts described in the attached chronology. Defendant has also just filed a stay request with Judge Merle, even though it agreed to the scheduling order [ECF 18], has participated in discovery for nine months, and never previously sought a stay from the Court.

The attached one-page chronology demonstrates a troubling pattern of cancellations without providing alternative dates:

Amanda Hesser: On September 18, defense counsel promised dates "by the end of next week at the latest." Nearly three months later, no dates have been provided despite multiple requests.

Jason Chatterjee: We accepted defense counsel's offered date of October 21. On October 8, counsel canceled citing a "work conflict." No alternative dates have been provided despite repeated requests.

Michael Kerns: Defense counsel offered November 10, 12, and 17. We selected November 12 and served a revised deposition notice on October 31. The same day, counsel canceled citing a conflict. No alternative dates have been provided.

These witnesses are critical. Michael Kerns at TCG directed the termination of the Form Agreements and his emails show Food52 and its private equity owner were motivated by economics, not any purported "mutual mistake" regarding Defendant's own IP rights. Jason Chatterjee was Food52's CFO during the termination decision. Amanda Hesser, Food52's co-founder, negotiated IP agreements with the Quistgaard family and participated in entering into agreements with Form in 2023. She also wrongfully communicated with Plaintiff's designers post-termination and breached confidentiality agreements.

**Relief Requested**

With discovery closing January 30, 2026, we respectfully request the Court set the following depositions:

- Jason Chatterjee: Week of December 16-20, 2025 or January 6-10, 2026 in New York
- Amanda Hesser: Week of December 16-20, 2025 or January 6-10, 2026 in New York
- Michael Kerns: Week of January 13-17, 2026 in Menlo Park, California

We remain willing to accommodate defense counsel and the witnesses if they can identify specific dates within these windows. However, three months of efforts have produced no scheduled depositions, and judicial intervention is necessary. Should scheduling be truly impossible, Plaintiff respectfully requests a one-month extension of the discovery cutoff date.

Respectfully submitted,

/s/ George R. Hinckley, Jr.

George R. Hinckley, Jr.
Christoph C. Heisenberg


Attorneys for Plaintiff

**Attachment:** Deposition Scheduling Timeline

## DEPOSITION SCHEDULING TIMELINE

**September 4, 2025**

Plaintiff requests acceptance of service for deposition subpoenas. Defense counsel responds that all depositions "need to be scheduled for October" and promises information on Chatterjee representation "early next week."

**September 11, 2025**

Plaintiff follows up requesting specific dates. Served subpoena on Chatterjee for October 2nd deposition.

**September 12, 2025**

Defense counsel: Kerns not available October 10, "working on alternate dates"; Hesser out of country with limited access, "will try to nail down date"; expect Chatterjee information "early next week."

**September 17, 2025**

Defense counsel offers three specific dates for Kerns: November 10, 12, and 17 in Menlo Park, CA.

**September 18, 2025 (morning)**

Defense counsel: Cannot discuss dates with Hesser yet, but she returns week of September 22 and "should be able to nail down a date by the end of next week at the latest." Offers October 21 or 23 for Chatterjee.

**September 18, 2025 (afternoon)**

Plaintiff accepts October 21 for Chatterjee. Advises Hinckley will respond separately on Kerns date.

**October 8, 2025**

Defense counsel: "Chatterjee now has a work conflict on October 21 and cannot make the deposition." Trying to get new dates. No dates provided for Hesser despite September 18 promise of "end of next week."

**October 30, 2025**

Plaintiff files Court-ordered status report [ECF 32] noting still seeking dates for Chatterjee and Hesser.

**October 31, 2025 (2:54 PM)**

Plaintiff serves notice of deposition for Kerns for November 12 (one of defense counsel's offered dates from September 17).

**October 31, 2025 (2:22 PM - same day)**

Defense counsel responds: "Mike Kerns has a conflict on 11/12. We are working to secure an alternate date."

**November 4, 2025**

Plaintiff sends formal demand: "Please promptly provide us with available dates for the depositions of Jason Chatterjee, Amanda Hesser, and Mike Kerns."

**November 6, 2025 (10:59 AM)**

Plaintiff sends draft letter to Judge Pollak, states preference to resolve directly with counsel.

**November 6, 2025 (1:06 PM)**

Defense counsel responds: "These are all non-party witnesses who have jobs and lives outside this litigation... We have had a tough time getting firm dates." Offers to speak following week. Provides no dates for any witness.

**December 3, 2025**

Defendant files pre-motion request to stay all discovery [ECF 35] with District Judge Merle—nine months after filing motion to dismiss, with only eight weeks remaining before January 30, 2026 discovery deadline, and while these three depositions remain unscheduled.