UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FORM PORTFOLIOS LLC,<br>                          Plaintiff,<br><br>vs.<br><br>FOOD52, INC.,<br>                          Defendant. | Case No. 1:24-cv-07690 |

**DEFENDANT FOOD52'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S OBJECTION TO DEFENDANT'S DOCUMENT <u>REDESIGNATION</u>**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | PRELIMINARY STATEMENT | 1 |
| II. | ARGUMENT | 1 |
| | A. Food52 Acted Pursuant to Judge Pollak's November 7 Order. | 1 |
| | B. Food52 And Form Are Competitors. | 3 |
| | C. Food52's Document Designations Are Proper. | 5 |
| III. | CONCLUSION | 6 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alcon Vision LLC v. Lens.com, Inc.*,
   No. 18 CV 407, 2019 WL 8197769 (E.D.N.Y. Aug. 22m 2019); *aff'd*, 2020
   WL 4810780 (E.D.N.Y. July 31, 2020) .......................................................................................5

*In re Application of Consellior SAS, Kerfraval, Ass'n de Documentation Pour
   L'Industrie Nationale*,
   No. 13MC34 WWE, 2014 WL 111110 (D. Conn. Jan. 10, 2014) .............................................5

*Firmode (Intern.) Co. Ltd. V. Int'l Watch Group., Inc*.,
   No. CV 2008–4890, 2009 WL 3698137 (EDNY Nov. 2, 2009) ..............................................4

*Friedl v. City of New York*,
   210 F.3d 79 (2d Cir. 2000) .........................................................................................................3

*Pitney Bowes Inc. v. Broadvision, Inc.*,
   No. 10 CIV 0637 LAK, 2010 WL 3292981 (SDNY Aug. 16, 2010) .......................................4

*Salahuddin v. Harris*,
   782 F.2d 1127 (2d Cir. 1986) .....................................................................................................3

*Shanghai Weiyi Int'l Trade Co., Ltd. v. Focus 2000 Corp.*,
   15-CV-3533 (CM) (BCM), 2017 WL 2840279 (S.D.N.Y. June 27, 2017) ..............................3

**Statutes and Rules**

Fed. R. Civ. P. 12(d) .........................................................................................................................3

Fed. R. Civ. P. 37(b) .........................................................................................................................3

Defendant Food52, Inc. ("Food52" or "Defendant") respectfully submits this memorandum of law in opposition to Form Portfolios LLC's ("Form" or "Plaintiff") supporting memorandum filed on December 5, 2025 (the "Memo"). Dkt. No. 34.

## I.     PRELIMINARY STATEMENT

Plaintiff's motion ignores the plain terms of Magistrate Judge Pollak's November 7, 2025 Order and seeks an improper, blanket redesignation untethered to any document-specific showing. The Court set a simple, orderly path: Food52 reviews and redesignates certain documents classified as "attorney's eyes only" ("AEO"), then Form identifies the specific documents it still disputes and submits them for *in camera* review with a memorandum. Dkt. No. 33. Food52 fulfilled its requirements and conducted a good faith review of the documents in its production marked AEO. Food52 then reproduced those documents to Form.

Form, on the other hand, skipped the hard work, ignored the sequence set by the Court, and now asks the Court to not only reverse its clearly established instructions but also impose sanctions on Food52 for following the rules. Form does this while identifying only three documents it believes remain wrongly designated. Form also continues to ignore that Food52 and Form operate in the same commercial ecosystem. This competitive posture underscores why AEO protections are not just appropriate, but necessary. If Form truly believes any particular document is wrongly designated, it can do what the Court already ordered it to do: bring those specific documents to the Court for *in camera* review.

## II.     ARGUMENT

### A.     Food52 Acted Pursuant to Judge Pollak's November 7 Order.

In the November 7, 2025, Order (the "Order"), Magistrate Judge Pollak ordered Food52 to "review all of the documents it has previously produced under the designation Highly

- 1 -

Confidential and re-designate only those documents that merit heightened protection as set forth in this opinion…" Dkt. No. 33 at 8. Food52 did exactly that – it reviewed all the previously produced documents designated AEO and timely delivered the re-designated documents to Form.

As for Form's burden, Judge Pollak ordered that "[i]f, after defendant reproduces these documents, plaintiff maintains its belief that there are still documents that remain improperly designated, *plaintiff* shall submit the relevant documents for *in camera* review with the Court along with a supporting memorandum of law..." Dkt. No. 33 at 8-9 (emphasis added). The Court's directive was unequivocal. Judge Pollak established a clear sequence: Food52 would conduct a good-faith review and re-designation consistent with the standards articulated in the Order. Then, if Form still disputed particular documents, *Form* was obligated to present those documents for *in camera* review accompanied by a supporting memorandum.

Despite the Court's direction and Food52's compliance with the Order, Form attempts to improperly shift Judge Pollak's prescribed burden onto Food52, requesting in its memorandum that the Court "[o]rder the redesignation of all remaining AEO documents to 'Confidential' unless Defendant can justify specific documents through *in camera* review…" after identifying a mere three documents that it believes remain wrongly designated. Dkt. No. 34 at 8. Not only is this contrary to the Order, but requiring Food52 to now prepare *in camera* submissions for every remaining AEO document without Form first identifying any specific improper designation would multiply motion practice and burden the Court with unnecessary filings. Form implicitly asks the Court to reconsider its Order, flip the previously-imposed order of operations by requiring Food52 to perform Form's work, and impose a blanket remedy untethered to any particular document or articulated harm. The Court should decline that invitation.

Plaintiff's request for sanctions should be similarly refused. Sanctions under Rule 37(b) are only appropriate where a party violated a court order. *See Shanghai Weiyi Int'l Trade Co., Ltd. v. Focus 2000 Corp.*, 15-CV-3533 (CM) (BCM), 2017 WL 2840279, at *9 (S.D.N.Y. June 27, 2017) (explaining that "[a] predicate court order directing compliance with discovery requests, and non-compliance with that order, are required" to permit sanctions under Rule 37(b)); *see also Salahuddin v. Harris*, 782 F.2d 1127, 1133 (2d Cir. 1986) ("Rule 37(b) sanctions require the violation of an explicit court order."). Because Food52 followed the Court's rules and fulfilled the Order, and because Form is the party attempting to shift its burden rather than present specific challenges through the *in camera* process the Court mandated, sanctions are unwarranted. Form's request should be denied.

### B.   Food52 And Form Are Competitors.

The Court's observation that "Defendant's statement that it competes with Form Portfolios is a stretch given defendant's own description of its business in the pending motion to dismiss" must be understood in light of the procedural posture. Dkt. No. 33 at 6. At the motion to dismiss stage, the parties and the Court are confined to the facts alleged in the complaint. Fed. R. Civ. P. 12(d); *see Friedl v. City of New York*, 210 F.3d 79, 84 (2d Cir. 2000). That constraint limited Food52's ability to provide the full factual context demonstrating how, in practice, the parties operate within the same competitive space.

Food52 does not license trademarks. Food52 enters into collaboration agreements with designers to facilitate the sale of their products. As an intellectual property licensing company, Form also enters into agreements with designers to facilitate the sale of their products. Compl. ¶ 1, 7. Where Food52 is a retailer that collaborates directly with designers, Form acts as an intermediary. Thus, while Plaintiff and Defendant may not compete for end consumers, they

undoubtedly compete for business opportunities by negotiating with the same designers. *Firmode (Intern.) Co. Ltd. V. Int'l Watch Group., Inc.*, No. CV 2008–4890, 2009 WL 3698137 at *2 (EDNY Nov. 2, 2009) (affirming plaintiff's designation of certain highly confidential business information for indirect competitors because it could be used by defendants or those whom defendants engage in future business transactions).

Form's status as competitor is most obvious with respect to the Dansk brand. Plaintiff asserts it is the "licensor of the Dansk brand." Dkt. No. 34 at 8. This assertion misrepresents Form's affiliation. Form is not the licensor of the "Dansk brand." Food52 owns all rights in the Dansk brand, which includes the trademarks DANSK and KOBENSTYLE and certain product designs created by Jens Quistgaard ("Quistgaard"). Additional Quistgaard designs and rights to his name are managed by his heirs, Qubra ApS ("Qubra"). Food52 had a contractual relationship with Qubra. However, in 2023, Form claims to have entered into a "Collaboration Agreement" with Qubra whereby Form obtained the "exclusive right to negotiate" with Food52 concerning to Qubra-controlled designs. Compl. ¶ 45.

Indeed, at or around the time Food52 sought to renegotiate the terms of its agreement with Qubra, Form separately approached Qubra and entered into its own agreement. That Form approached, negotiated, and entered into an agreement with one of the same designers Food52 was actively working to renegotiate with demonstrates that the parties are competitors operating in the same commercial space. *See Pitney Bowes Inc. v. Broadvision, Inc.*, No. 10 CIV 0637 LAK, 2010 WL 3292981 at *2 (SDNY Aug. 16, 2010) (denying motion to lift AEO designation and recognizing that a licensee and its former licensor operate in the same marketplace, where the plaintiff's website source code fell squarely within the defendant's commercial interests).

### C. Food52's Document Designations Are Proper.

As noted in the Order, "AEO designation is intended to protect information's commercial value by preventing the dissemination of confidential information that could place a party at a competitive disadvantage." Dkt. No. 33 at 4 (citing *Alcon Vision LLC v. Lens.com, Inc.*, No. 18 CV 407, 2019 WL 8197769, at *2 (E.D.N.Y. Aug. 22m 2019); *aff'd*, 2020 WL 4810780 (E.D.N.Y. July 31, 2020). The three documents Plaintiff references (FOOD52_00006124; FOOD52-00006971; FOOD5200009371) reflect the very categories of information courts protect with AEO designations: detailed business strategy, negotiation strategy and tactics, granular business insights, and executives' internal analysis. *See In re Application of Consellior SAS, Kerfraval, Ass'n de Documentation Pour L'Industrie Nationale*, No. 13MC34 WWE, 2014 WL 111110 (D. Conn. Jan. 10, 2014) (allowing AEO designation for documents containing detailed business strategy, negotiation strategy, business insight, and executives' analysis of internal business matters). Because the parties compete for the same designer relationships and market opportunities, disclosure of these highly confidential materials would immediately strip Food52 of core competitive advantages. The AEO designations are thus proper and essential to preserve the information's commercial value.

### III. CONCLUSION

For the foregoing reasons, Food52 respectfully requests that the Court deny Form's requested relief.

Dated: December 12, 2025                         **TROUTMAN PEPPER LOCKE LLP**

                                                 By: */s/ H. Straat Tenney*
                                                     H. Straat Tenney
                                                     875 Third Avenue
                                                     New York, NY 10022
                                                     T. 212.912.2915
                                                     straat.tenney@troutman.com
                                                     *Attorneys for Defendant Food52, Inc.*